IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIANA ALVAREZ GONZALES, INDIVIDUALLY and as REPRESENTATIVE OF THE ESTATE OF PEDRO R. GONZALES, JR., LARRY GONZALES, INDIVIDUALLY, ERIC GONZALES, INDIVIDUALLY, AMANDA GONZALES, INDIVIDUALLY, | § § § § § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. _____ |
| vs. | § § | |
| SHANDONG LINGLONG TYRE CO., LTD, LINGLONG NORTH AMERICA, LLC, THE LINGLONG TIRE AND RUBBER COMPANY OF NORTH AMERICA, LLC, | § § § § § § | |
| *Defendants* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, Diana Alvarez Gonzales, Individually and as Representative of the Estate of Pedro R. Gonzales, Jr. and Larry Gonzales, Individually, Eric Gonzales, Individually and Amanda Gonzales, Individually, Plaintiffs herein bring this suit naming Shandong Linglong Tyre Co., Ltd, Linglong North America, LLC, and The Linglong Tire and Rubber Company of North America, LLC, (hereinafter "Ling Long") as Defendants, and for their cause of action would show the Court as follows:

**Plaintiffs' Original Complaint**
**Page 1**

## I.  JURISDICTION AND VENUE

1.1    The Court has jurisdiction over this cause of action because it is a cause of action between citizens of Texas and foreign defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(2).

1.2    Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(c). As a corporation, Ling Long is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Ling Long is subject to personal jurisdiction in the Southern District of Texas and for venue purposes is deemed to reside in the Southern District of Texas. Moreover, Plaintiffs believe that Ling Long has previously appeared in and defended one or more lawsuits in Texas containing allegations similar to those alleged by Plaintiffs. Furthermore, venue is proper in the Southern District of Texas as the tire detread that resulted in the rollover occurred within the boundaries of the Southern District of Texas.

1.3    Ling Long's contacts with the State of Texas are continuous and systematic, such that the court has general personal jurisdiction over Ling Long.

1.4    Tires manufactured by Ling Long are routinely sold in Texas through local and national dealers in the Southern District of Texas and who routinely do business in the Southern District of Texas.

1.5    Shandong Linglong Tyre Co., Ltd, Linglong North America, LLC, and The Linglong Tire and Rubber Company of North America, LLC (hereinafter "Ling

Long") purposefully markets and sells tires through distributors in the Southern District of Texas.  Ling Long is purposefully operating in Texas, including in the Southern District of Texas. Ling Long has purposefully availed itself of the privileges and benefits of conducting business in Texas. The Court's exercise of personal jurisdiction over Ling Long comports with due process.

## II.  THE PARTIES

2.1    Plaintiff Diana Alvarez Gonzales is an individual residing in Texas and brings suit individually and as Representative of the Estate of Pedro R. Gonzales, Jr.

2.2    Plaintiff  Larry Gonzales is an individual residing in Texas and brings suit individually.

2.3    Plaintiff Eric Gonzales is an individual residing in Texas and brings suit individually.

2.4    Plaintiff Amanda Gonzales is an individual residing in Texas and brings suit individually.

2.5    Upon information and belief, no administration is pending and none is necessary. Based upon information and belief, no administration is desired by those interested in the estate, the heirs are in possession of decedent's property, and an estate is not necessary because the estate of Pedro R. Gonzales, Jr. has fewer than two debts (*See,* Tex. Prob. Code Ann. § 178(b) (West 2003)), and no demand for any debt has been made. Finally, upon information and belief, all heirs of Pedro R. Gonzales, Jr. are named herein.

2.6     Defendant Shandong Linlong Tyre Co., Ltd. is Chinese corporation doing business in the State of Texas. At all times pertinent to this Complaint, Defendant Shandong Linlong Tyre Co., Ltd. was and is in the business of designing, manufacturing, marketing, promoting, advertising, and selling tires.   Defendant Shandong Linlong Tyre Co., Ltd. transacts business in this State, either alone and/or by and through its subsidiaries, and derives substantial revenues from business in the State of Texas.   Defendant Shandong Linlong Tyre Co., Ltd.may be served with process in this action by delivering summons and copy of this complaint with process by serving its President, pursuant to The Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention.   At some point after its manufacture, Shandong Linlong Tyre Co., Ltd. released the tires into commerce.  By such action, Shandong Linlong Tyre Co., Ltd. became liable under the doctrine of strict liability in tort for any defects in the tires arising out of the design, manufacture or marketing of the tires.

2.7     Defendant Linglong North America, LLC, (hereinafter "Linglong N.A.") is an Ohio Corporation.  Linglong N.A. was and is an agent, subsidiary, alter ego or sister corporation of Shandong and/or The Linglong Tire and Rubber Company of North America, LLC, or is in the alternative, an intermediary distributor of tires manufactured by Shandong and/or The Linglong Tire and Rubber Company of North America, LLC for sale in the United States of America.  Although Linglong N.A. does business in the State of Texas, it does not maintain a regular place of

business in Texas, nor does it maintain a designated agent for service of process in Texas. Therefore, service of process may be had upon Linglong N.A. by serving the Texas Secretary of State in accordance with Tex. Civ. Prac & Rem. Code Section 17.044. Linglong N.A.'s Ohio registered agent for service of process is John F. Rasnick, 388 S. Main St., Ste. 402, Akron, OH 44311. At some point after its manufacture, Linglong N.A. released the tires into commerce. By such action, Linglong N.A. became liable under the doctrine of strict liability in tort for any defects in the tires arising out of the design, manufacture or marketing of the tires.

2.8     Defendant The Linglong Tire and Rubber Company of North America, LLC, (hereinafter "Linglong T&R Co.") is an Ohio Corporation. Linglong T&R Co. was and is an agent, subsidiary, alter ego or sister corporation of Shandong and/or Linglong North America, LLC, or is in the alternative, an intermediary distributor of tires manufactured by Shandong and/or Linglong North America, LLC for sale in the United States of America. Although Linglong T&R Co. does business in the State of Texas, it does not maintain a regular place of business in Texas, nor does it maintain a designated agent for service of process in Texas. Therefore, service of process may be had upon Linglong T&R Co. by serving the Texas Secretary of State in accordance with Tex. Civ. Prac & Rem. Code Section 17.044. Linglong T&R Co.'s Ohio registered agent for service of process is Zhibin Zhang, 202 Montrose West Avenue, Suite 180, Copley, OH  44321. At some point after its manufacture, Linglong T&R Co. released the tires into commerce. By such action, Linglong T&R

Co. became liable under the doctrine of strict liability in tort for any defects in the tires arising out of the design, manufacture or marketing of the tires.

### III. BACKGROUND FACTS

3.1    On or about January 12, 2013,  Pedro R. Gonzales, Jr. was operating a 2009 Chevrolet Silverado pickup truck on FM-237 and his wife, Diana Alvarez Gonzalez was a belted passenger in Dewitt County.  Albert Lee Garza was driving a cement truck which was owned by Cross Roads Industries, Inc. and Albert Lee Garza was also traveling in a westerly direction on Highway FM 237 ahead of Mr. Gonzales and the left front tire on his vehicle suffered a catastrophic tread-belt separation.  The tire failure ultimately caused Mr. Garza's vehicle to enter the east bound lane of travel.  Occupying the east bound lane at that time was a vehicle owned by Knight Contracting, Inc. and operated and driven by Clarence D. Brown.  Mr. Brown was struck by the vehicle driven by Mr. Garza, causing Mr. Brown to lose control, causing his vehicle to veer into the opposite lane which Mr. Gonzales was traveling, ultimately resulting in his crashing into Mr. Gonzales' vehicle, resulting in severe injuries of Diana Alvarez Gonzales and the severe injuries which lead to the death of Pedro R. Gonzales, Jr.

3.2    The left front tire that detreaded was a  Ling Long 425/65R22.5 LLA28 tire, DOT #54R-0074431 (the "subject tire").

3.3    As a result of the tire's tread-belt separation, Pedro Gonzales, Jr. was unable to maintain control of the vehicle through no fault of his own and the vehicle entered the eastbound lane of travel.  Occupying the eastbound lane at that time

was a vehicle owned by Knight Contracting, Inc. and operated and driven by Clarence D. Brown.  Mr. Brown was struck by the vehicle driven by Mr. Garza, causing Mr. Brown to lose control, causing his vehicle to veer into the opposite lane, which Mr. Gonzales was traveling, ultimately resulting in his crashing into Mr. Gonzales' vehicle, resulting in severe injuries to Diana Alvarez Gonzales and severe injuries which lead to the death of Mr. Gonzales.

3.4    The tire's tread-belt separation was a direct, producing and proximate cause of the accident, the severe injuries to Diana Alvarez Gonzales, the severe injuries and death of Pedro Gonzales, Jr., and the damages of all Plaintiffs.

3.5    The Ling Long tire's design, manufacturing and marketing defects made the basis of this lawsuit were a direct, proximate and producing cause of the accident, the severe injuries to Diana Alvarez Gonzales, the severe injuries and death of Pedro Gonzales, Jr., and the damages of all Plaintiffs.

### IV.  STRICT LIABILITY CAUSE OF ACTION AGAINST LING LONG DEFENDANTS

4.1    The subject tire was originally designed, manufactured, sold and/or placed into the stream of commerce by the Ling Long Defendants.

4.2    At the time of the sale of the tire in question, the Ling Long Defendants were in the business of designing, manufacturing and selling automotive tires such as the tire in question.

4.3    At the time the tire in question was designed, manufactured, sold and/or placed into the stream of commerce by the Ling Long Defendants, the same

was defective and unreasonably dangerous in its design, marketing and manufacture.

4.4    These defective and unreasonably dangerous conditions were a producing cause of the accident made the basis of this suit, the injuries to Plaintiffs, the severe injuries to Diana Alvarez Gonzales and the severe injuries which lead to the death of Pedro Gonzales, Jr., and the damages sustained by the Plaintiffs.

4.5    Aside from normal wear and tear, the subject tire was in the same defective condition at the time of the accident as it was when it left the hands of the Ling Long Defendants.

4.6    The subject tire was expected to and in fact reached the user or consumer without substantial change in the condition in which it was sold.

4.7    Technologically and economically feasible safer alternative designs existed that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product.

4.8    Applicable safety standards issued by the Federal Government or any other agency or group, if any, were inadequate to protect the public from unreasonable risks of injury or damage and the Ling Long Defendants have withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations set at issue in this action.

## V. NEGLIGENCE OF THE LING LONG DEFENDANTS

5.1    The Ling Long Defendants committed unreasonable acts of omission and commission, which, collectively and severally, constitute negligence.  Such negligence was a direct, producing and proximate cause of the accident and injuries to Plaintiffs, the severe injuries of Diana Alvarez Gonzales and the severe injuries which lead to the death of Pedro Gonzales, Jr., and of all of the Plaintiffs' injuries and damages.

5.2    Among other acts of negligence, the Defendant was negligent in:

a.    failing to adequately design the subject tire;

b.    failing to adequately test the subject tire;

c.    failing to manufacture the subject tire to its specification;

d.    failing to institute, execute and maintain adequate quality control and quality assurance processes and procedures;

e.    manufacturing the subject tire with contaminants in its components;

f.    failing to inspect the subject tire for latent defects in its manufacture;

g.    failing to incorporate safety features in the subject tire such as cap plies, robust belt wedges, belt edge wraps, and other devices that can reduce or eliminate the tire's propensity to suffer tread-belt separations;

h.    using aged, dry and/or otherwise deteriorated or off-spec materials in the construction of the subject tire;

i.    failing to design and manufacture the tire to outlast its tread life;

j.    failing to adequately collect and analyze loss adjustment data, warranty data, claims, and lawsuits that may reveal that the subject tire models perform more poorly than other tire lines that incorporate safety features or alternative safer designs not present in the subject tire;

k.    failing to provide adequate warnings and instructions for the safe use of the product;

l.    failing to assure tire quality in conformance with Autobacs standards;

m.    failing to design, manufacture, and insure an adequate innerliner gauge for the tire;

n.    failing to prevent and/or inspect for innerliner blisters;

o.    using solvents in the building and manufacture of tires;

p.    using waxes, antioxidants, antioxinants and other materials that compromised adhesion within the tire;

q.    using awls to puncture blisters or otherwise alter a green or cured tire;

r.    other acts and/or omissions constituting negligence.

5.3    Defendant's negligence was a proximate cause of the accident made the basis of this suit, the severe injuries to Diana Alvarez Gonzales and the severe injuries which lead to the death of Pedro Gonzales, Jr., and the damages sustained by all Plaintiffs.

5.4    Each of the above described failures separately and when taken together, rendered the tire defective from a design, manufacture, and marketing standpoint as those terms are defined under Texas law.

## VI.  BREACH OF IMPLIED WARRANTIES AGAINST THE LING LONG DEFENDANTS

6.1    At all times relevant to the complaint, Ling Long was a merchant in the business of supplying goods, namely tires.

6.2    The subject tire was a good and/or product sold for consumer usage.

6.3    Ling Long breached the implied warranties of merchantability and fitness for a particular purpose in that the subject tire was not fit for ordinary use or for the intended use for which it was purchased, including for each and every reason set forth in Section 5.2 above.

6.4    These breaches of implied warranty were a proximate cause of the accident made the basis of this suit, the injuries to Diana Alvarez Gonzales and the severe injuries, which lead to the death of Pedro Gonzales, Jr., and the damages sustained by the Plaintiffs.

6.5    Any notice required has been provided as required by law, or is otherwise waived or excused.

## VII. COMPENSATORY DAMAGES

7.1    As a producing, direct and proximate result of the incident, injuries, and damages for which Defendants are liable, the Plaintiffs seek and are entitled to general, special, economic and noneconomic, wrongful death and survival damages, as applicable to the Plaintiffs, in an amount in excess of the minimum jurisdictional limits of the court, as determined to be just and fair by the jury.  Such damages include, but are not necessarily limited to:

a.    *Wrongful Death Damages*

    (1)    pecuniary loss in the past and future;

    (2)    loss of consortium, companionship and society in the past and future;

    (3)    mental anguish in the past and future;

    (4)    loss of inheritance;

   (5)  loss of community estate and addition to estate;

   (6)  all other damages allowed by law and equity.

 b.  *Survival Damages*

   (1)  pain and mental anguish;

   (2)  medical expenses;

   (3)  funeral and burial expenses; and

   (4)  all other damages allowed by law and equity.

 c.  *Personal Injury Damages*

   (1)  physical pain and mental anguish in the past and future;

   (2)  loss of earning capacity in the past and future;

   (3)  loss of wages and earnings in the past and future;

   (4)  disfigurement in the past and future;

   (5)  physical impairment in the past and future;

   (6)  medical care in the past; and

   (7)  all other damages allowed by law and equity.

 d.  *Bystander Damages*

7.2  The damages sought are greatly in excess of the minimum jurisdictional limits of the court.

## VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1  Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## IX.  JURY DEMAND

9.1     Plaintiffs respectfully request a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray that this cause be set for trial before a jury, and that Plaintiffs recovers judgment of and from Defendant for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs of court, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

_____*/s/ Douglas E. Chaves*
Douglas E. Chaves
State Bar No. 04161400
Federal Bar No. 1895
Aidan Perales
State Bar No. 24027604
Federal Bar No. 27471
**CHAVES, OBREGON & PERALES, L.L.P.**
802 North Carancahua
Suite 2100
Corpus Christi, Texas 78401
Telephone: (361) 884-5400
Facsimile:  (361) 884-5401

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**